■ EDWARD FROST, Appellant, v WHITING NATIONAL INSURANCE COMPANY et al., Respondents.—Judgment of the Supreme Court, New York County (William P. McCooe, J.), entered June 29, 1987, granting summary judgment dismissing the complaint in an action to recover under an insurance policy, unanimously reversed, on the law, without costs, and the motion for summary judgment is denied.

In an action to recover under an insurance policy for damages allegedly sustained as the result of a fire, plaintiff, a dentist, appeals from a judgment of the Supreme Court granting defendants' motion for summary judgment dismissing the complaint. As to plaintiff's central claim to recover for the expenses incurred in setting up a new office required as result of an order by the Department of Buildings to vacate the building, we agree with the IAS court's analysis of the relevant parts of the insurance policy, and the court's conclusion that plaintiff could not properly recover under the policy for such consequential damages.

In granting defendants' motion for summary judgment dismissing the complaint, the IAS court assumed that it was undisputed that plaintiff had recovered for the direct loss caused by the fire. This assumption is understandable since the complaint does not clearly set forth a claim for unreimbursed direct loss, if indeed it can be interpreted as setting forth such a claim at all. However, in plaintiff's affidavit he quite clearly put in issue defendants' contention that there had been no direct damage to plaintiff's equipment, and that plaintiff had been fully paid for any direct damage attributable to the fire. Accordingly, a factual issue is presented with regard to that aspect of the plaintiff's claim which precludes summary judgment. Concur—Sandler, J. P., Milonas, Kassal, Ellerin and Wallach, JJ.